PER CURIAM.
This is an appeal from an order summarily denying a motion to correct an illegal sentence. The defendant contends that his habitual offender sentence of ten years’ incarceration followed by five years’ *349 probation exceeds the statutory maximum for the crime of aggravated fleeing and eluding. Because it appears from the face of the judgment that the defendant is entitled to relief, we reverse the summary denial for further proceedings in the trial court.
The judgment identifies the aggravated fleeing and eluding conviction as a third-degree felony.[1] According to the habitual offender statute, the maximum sentence for a third-degree felony is ten years. See § 775.084(4)(a)3, Fla. Stat. (1997). It follows that the defendant’s cumulative split sentence of fifteen years exceeds the statutory maximum for the offense. Accordingly, we reverse and remand for consideration on the merits.
Reversed and Remanded.
BARFIELD, C.J., KAHN and PADOVANO, JJ., CONCUR.

. We recognize that the classification of the offense in the judgment may have been a clerical error. The defendant was charged with aggravated fleeing and eluding under section 316.1935(3), Florida Statutes. This offense is a second degree felony and it would support a habitual offender sentence of fifteen years. However, the judgment refers to the offense as a third degree felony. Because there are two forms of aggravated fleeing and eluding, one a second degree felony and one a third, we cannot rule out the possibility that the defendant may have been convicted of the less serious offense. In that event, the sentence of fifteen years would be illegal.